IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-03065-15-CR-S-SRB |
| v. ) | |
| ) | |
| SHAUNTANONEY DAVIS, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Shauntanoney Davis's ("Defendant") Motion to Revoke Detention Order and Set Conditions of Release. (Doc. #425.) For the reasons stated below, the motion is DENIED.

On February 26, 2025, an Indictment was returned charging Defendant with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h); interstate travel for unlawful activity, in violation of 18 U.S.C. § 1952(a)(3)(A); and unlawful use of a communications facility, in violation of 21 U.S.C. § 843(b). On October 2, 2025, the Honorable Chief Magistrate Judge Willie J. Epps, Jr. held a pretrial revocation hearing, and afterwards, entered an Order of Detention Pending Trial. In addition to the factors set forth in 18 U.S.C. § 3142, Judge Epps specifically found that Defendant poses a risk of danger to the community:

> [O]n August 31, 2025, the California Highway Patrol (CHP) noticed a car that was unable to maintain its lane and almost crashed into another vehicle. CHP pulled the car over and spoke with the driver, [Defendant]. The CHP officer noticed that [Defendant's] eyes were red and watery and smelled alcohol in the car. [Defendant] was driving with her two-month-old child in the car. [Defendant's] first blood alcohol test returned a result of 0.264. The second test a few minutes later returned

a blood alcohol content result of 0.250. [Defendant] initially denied drinking any alcohol. She was arrested and transported to the CHP area office and completed two more breath tests. Her blood alcohol content was tested at 0.235 and 0.226. After booking, [Defendant] told the medical staff in the jail that she had had champagne to drink that night. [Defendant] was charged with child endangerment, driving while under the influence of alcohol, fourth DUI in ten years, and driving with a suspended license from a prior DUI.

(Doc. #400, pp. 1, 2) (citations omitted).

On December 5, 2025, Defendant filed the instant motion, asking this Court to revoke the Detention Order entered by Judge Epps. Defendant argues that her criminal history does not demand detention; that she is pregnant and experiencing related symptoms requiring medical care; and that she is not a flight risk due to her community ties, ability to maintain employment, and social support. The Government opposes the motion.

Having considered Defendant's pending motion, the record, the applicable law, and the arguments raised by both parties, the Court finds detention of Defendant pending trial is appropriate as no condition or combination of conditions will reasonably assure her appearance or the safety of the community. Accordingly, it is ORDERED that Defendant's Motion to Revoke Detention Order and Set Conditions of Release (Doc. #425) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2025